# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2152 | **DATE** | 1/22/2003 |
| **CASE TITLE** | Sammie Phillips vs. The Raymond Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Phillip's Current motion for default and sanctions is denied. (36-1, 36-2) At the previously scheduled January 28, 2003 status hearing, the parties are directed to shift their attention to discussing the arrangements for, and the timing of, their early submission of a jointly proposed FPTO to lead to a prompt trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | JAN 2 3 2003 date docketed | |
| | Docketing to mail notices. | | | | 57 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 1/22/2003 | |
| | | | | date mailed notice | |
| SN | courtroom deputy's initials | 03 JAN 22 PM 1:5 | | SN | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMMIE L. PHILLIPS,                )
                                   )
              Plaintiff,           )
                                   )
         v.                        )   No.  99 C 2152
                                   )
THE RAYMOND CORPORATION,           )
                                   )
              Defendant.           )

DOCKETED
JAN 2 3 2003

MEMORANDUM OPINION AND ORDER

Both sides in this overly-long-pending major personal injury case, brought by Sammie Phillips ("Phillips") against Raymond Corporation ("Raymond"),[1] have most recently been deluging this Court with a paper blizzard, expending resources that could more profitably have been committed to the preparation and completion of the final pretrial order ("FPTO") that is the essential prelude to a trial. Those efforts have stemmed from Phillips' current attempt to win his case on paper, rather than before a jury, by filing a motion for default and sanctions based on Raymond's asserted violations of its discovery obligations. This memorandum opinion and order denies that motion and returns the litigants to the road leading to trial.

More than one reason calls for such denial of Phillips' motion, even though his counsel's frustration with Raymond's

---

[1] Phillips suffered the crushing and consequent amputation of part of one leg when he was ejected from a Raymond stand-up forklift that he was operating. Every aspect of his claim of negligent design has been and continues to be bitterly contested.

litigation tactics is entirely understandable. More on the latter point later. But as for the motion, this Court's own time and resources are better devoted to ticking off the reasons for its denial in comparatively short compass rather than by extensive discussion (among other reasons, because other disputes in other cases deserve attention as well, and they--unlike this case--call for more detailed treatment of the applicable legal authorities).

For one thing, whatever else Raymond's footdragging in the discovery process may have involved, Raymond has never violated a court order--a precondition to the imposition of sanctions permitted under Fed. R. Civ. P. ("Rule") 37(b)(2)(C), the Rule upon which Phillips seeks to rely to place Raymond in default. Both the plain reading of that Rule's language and a host of cases construing and applying it confirm that. Hence such cases as have imposed serious sanctions under that Rule, or even the ultimate sanction of an adverse judgment, carry no force for purposes of the current motion.

Second, a good part of Raymond's resistance to discovery of which Phillips complains may reasonably have been grounded, as Raymond urges, in the oral ruling made by Magistrate Judge Ian Levin on May 23, 2002. Although Raymond makes much (as the later discussion reflects, too much) of the failure by Phillips' counsel to have filed a timely objection under Rule 72(a) to the

Magistrate Judge's ruling, what Magistrate Judge Levin unquestionably did was to limit Phillips' discovery to accidents involving the <u>specific</u> type of forklift that led to his own serious injury. Hence Raymond's refusal to furnish the far broader scope of evidence that Phillips' counsel has continued to seek since then cannot be characterized as a wilful violation of its discovery obligations.

So Phillips' effort to end the case now via the extreme sanction of default must be and is denied. But that is not at all the end of the story, and this opinion now turns to the subject of Raymond's remaining obligations.

It cannot be gainsaid that even though Raymond cannot fairly be charged with having hidden the discovery ball in such a way as to call for the drastic remedy sought by Phillips, Raymond has--with the encouragement of the ruling that it obtained from Magistrate Judge Levin--played its discovery cards too close to the vest in certain respects. Again for more than one reason, the appropriate answer to whether Phillips should <u>now</u> be provided with further materials regarding Raymond's designated expert Edward Caulfield ("Caulfield") must be resolved in favor of Phillips rather than Raymond.

Before this opinion turns to those reasons, just a few words should be said about the proceedings before Magistrate Judge Levin, the full transcript of which (Raymond's Ex. 29 on the

3

current motion) has been read by this Court. What is said here should not be taken as critical of the efforts by the Magistrate Judge, who freely acknowledged that he felt pressured to rule quickly (1) by the rarity of this Court's Magistrate Judge references for the resolution of discovery disputes, (2) by the fact that this Court had recently inquired of him as to the status of matters and (3) by the substantial age of the case.[2] What then happened was that the Magistrate Judge felt compelled to try to sort matters out on the basis of opposing counsels' contradictory oral representations, without his having had the benefit of any prior review of written materials or authorities. And as stated earlier, he bought into the argument advanced by Raymond's counsel that the forklift involved in this litigation was different from all other Raymond forklifts as to which Phillips' counsel sought information regarding other accidents--so that as a consequence, Magistrate Judge Levin limited inquiry to the single forklift model that is involved in this case.

This Court is satisfied that if Magistrate Judge Levin had been given the benefit of the extensive submissions that have now been made to this Court on the subject, he would have ruled otherwise. For one thing, bias is of course one of the

---

[2] That perception of pressure on the Magistrate Judge's part is certainly regrettable, for this Court surely had no intention of requiring him to act more swiftly than he would have been comfortable in doing under what he might view as ordinary circumstances.

quintessential bases for impeachment of a witness--it is always available to a cross-examiner. In this case Phillips is entitled not only to inquire as to how often Caulfield has testified for Raymond in the past, but also--if Phillips' counsel wishes--as to his comparative record in testifying for plaintiffs or for defendants as such. In like manner, full inquiry as to any prior consultation by Caulfield with Raymond that has not involved testimony is equally appropriate. And to that end, a full disclosure of all aspects of Caulfield's activities in any of those capacities must be made available to Phillips--and promptly.

Just as importantly, it is true that Raymond has explained that Caulfield does not view all forklifts, or all forklifts having open-rear stand-up operator compartments, as fungible--or even as similar in terms of risk factors. But that is precisely what juries are for: Phillips is entitled to try to persuade the trier of fact otherwise, and in so doing to try to demonstrate that Caulfield's opinions are not to be believed.[3] To that end,

---

[3] Whenever opinion testimony by a witness under Fed. R. Evid. 702 is admitted (whether in a civil or criminal case), this Court always gives instruction 3.07 (emphasis added) of the December 1998 Criminal Jury Instructions for the Seventh Circuit, approved in principle by its Judicial Council:

> You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. <u>The fact that such a person has given an opinion does not mean that you are</u>

Phillips is entitled to obtain chapter and verse of Caulfield's prior expressions of opinion about other forklifts and about other injuries sustained by their operators, so that the jury can carry out its proper role in determining whether the similarities or lack of similarities involved in the occurrence at issue here and the forklift at issue here carry more persuasiveness.

Before this opinion concludes, something more should be added about Raymond's effort to foreclose on procedural grounds Phillips' raising of the issues that have been dealt with here. It is quite true that Phillips' counsel did not file objections to Magistrate Judge Levin's oral ruling within ten days. It may be worth noting parenthetically that the Magistrate Judge did not lodge a formal report and recommendation with this Court, which under the careful practices of all of this District Court's Magistrate Judges (including Magistrate Judge Levin, of course) always includes an express reference to the ten-day-objection requirement. Instead only this minute order was entered (Raymond's Ex. 32):

> Plaintiff's discovery disputes ruled on as stated of record and on the terms stated of record. Defendant's motion to compel Federal Rule 26 expert disclosures [26-1] or in the alternative, to bar plaintiff's expert witnesses is denied [26-2] without prejudice for the reasons stated of record.

---

<u>required to accept it</u>. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

6

Unlike the situation with a written report and recommendation, a good deal of difficulty in satisfying the ten-day requirement is obviously posed when the rulings at issue have been oral and have not yet been reduced to transcript form.

But more to the point, both the basic statutory provision as to the effect of Magistrate Judges' rulings (28 U.S.C. §636(b)(1)(A)) and Rule 72(a) provide that the District Judge handling the case may reach a different result where the Magistrate Judge's order is "contrary to law." And of course evidentiary rulings typically pose questions of law, and discovery rulings that are dependent on evidentiary admissibility or likely admissibility do likewise.

Perhaps most importantly, rulings on discovery or on evidence, whether made by a Magistrate Judge without later District Judge review, or even by the District Judge himself or herself, are not dispositive rulings in any sense. If it is true (and of course it is) that a District Judge is free at any time to reexamine such interlocutory discovery and evidentiary rulings of his or her own--rulings that are typically made by him or her during the progress of the litigation--it would turn the jurisprudential system on its head to ascribe irrevocable finality (akin to that of a final judgment) to any unreviewed discovery or evidentiary rulings by a Magistrate Judge. As 12 Charles Wright, Arthur Miller & Richard Marcus, Federal Practice

and Procedure §3069, at 353-55 (2d ed. 1997)(footnotes omitted) explain in some detail:

> But it is also important to avoid the conclusion that district judges are absolutely powerless to alter magistrate-judge resolution of nondispositive matters unless they fall into the clearly erroneous category. At bottom, the power to review is necessary to avoid constitutional difficulties, and an absolute prohibition on revision by the district judge creates risks of undermining that essential review authority. Moreover, the analogy of magistrate judges to municipal courts in some state-court systems seems ultimately misplaced in this context. The case itself remains the district judge's case throughout. This reality is confirmed by Rule 72(a)'s directive that objections be presented to "[t]he district judge to whom the case [is] assigned." If that judge would not be powerless to reconsider his or her own prior rulings in the case, it is difficult to understand why the magistrate judge's orders should be absolutely immune to revision unless clearly erroneous on the basis of the material available to the magistrate judge.
>
> \*   \*   \*
>
> Much as the district judge should defer to the magistrate judge's decision, therefore, he or she should not be hamstrung by the clearly erroneous standard. At its broadest, it is limited to factual findings; even the Third Circuit recognized that "the phrase 'contrary to law' indicates plenary review as to matters of law." Moreover, although an abuse-of-discretion attitude should apply to many discovery and related matters, it need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives. Although a discovery ruling may not be dispositive, it can be extremely important.

In this instance this Court has determined that the limitations on Phillips' permitted discovery that were imposed by Magistrate Judge Levin in his pressured oral ruling, based as it was on the partial and conflicting versions of the situation

8

tendered to him orally for the first time at the May 23, 2002 hearing (but for the fact that the oral nature of the presentations would make this a mixed metaphor, he might be said to have come to the dispute with a tabula rasa), were overly restrictive as a matter of law. As stated earlier, this Court has every confidence that the extraordinarily able Magistrate Judge would have come to the same conclusion that has been reached here if he had been provided with the submissions that have been furnished to this Court and if he had been given comparable time for consideration or reconsideration. Although Raymond (as stated earlier) has been shielded against the ultimate sanction of default by its ability to urge correctly that it was conforming to the Magistrate Judge's ruling, that ruling cannot be permitted to bar Phillips' access to information that is legitimately required for the prosecution of his lawsuit.

## Conclusion

Phillips' current motion is denied. At the previously scheduled January 28, 2003 status hearing, the parties are directed to shift their attention to discussing the arrangements for, and the timing of, their early submission of a jointly proposed FPTO to lead to a prompt trial. At the same time and to the same end, the parties will also then be expected to discuss the remaining discovery that should be pursued with expedition

and on a parallel track so as not to delay the FPTO unduly.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: January 22, 2003